**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                             Cr. No. H-12-731

**ASHLEY NICOLE RICHARDS
BRENT JUSTICE**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Brent Justice submits this Reply in support of his pending Motion to Dismiss.

I. The Government Elides the Difference Between a First Amendment Overbreadth Challenge and a First Amendment Content Discrimination Challenge.

In his Motion, Mr. Justice argued that the Supreme Court has regularly considered facial challenges brought under the First Amendment contending that statutes were impermissibly content based. Justice Motion at 3-4. In response, the government contends that a facial challenge such as Mr. Justice's is disfavored and can only be brought in limited circumstances. Gov't Response at 21.

The government is incorrect. The government starts from the wrong premise, stating, "Justice and Richards challenge the constitutionality of the amended 18 U.S.C. § 48 on its face as Stevens did the 1999 enactment." Gov't Response at 20. This is wrong. Stevens argued that the prior version of Section 48 was substantially overbroad. United States v. Stevens, 130 S. Ct. 1577, 1592 (2010). Mr. Justice

advances a different argument – that the amended Section 48 is an unconstitutional form of content-based discrimination. Justice Motion at 4-11.

The cases cited by the government in support of its argument that facial challenges are always disfavored deal only with overbreadth claims and not claims of content-based discrimination. Gov't Response at 20-21 (citing Stevens and United States v. Chappell, 691 F.3d 388 (4th Cir. 2012)).

Interestingly, the Chappell decision, upon which the government relies heavily in contending that Mr. Justice's challenge is disfavored, supports Mr. Justice's argument. In Chappell, the defendant brought two different First Amendment challenges to his statute of conviction: (1) that it was facially overbroad; and (2) that it was "facially unconstitutional as a content-based restriction on speech." Chappell, 691 F.3d at 391, 396. The Fourth Circuit dealt with these arguments entirely separately. In the section of the opinion under heading "II", the court rejected the overbreadth challenge and, in the section under heading "III", it rejected the content-based argument. Importantly, the government's citations to Chappell are entirely from Section II of the opinion, which deal only with the overbreadth claim. Gov't Response at 20 (quoting Chappell, 691 F.3d at 392) & 21 (quoting Chappell, 691 F.3d at 394).

In contrast, in dealing with the defendant's claim that a statute was unconstitutional as a form of content-based discrimination, the Fourth Circuit made no suggestion that the defendant's attack was disfavored or subject to special burdens. Chappell, 691 F.3d at 396. The Fourth Circuit rejected the defendant's argument, but on the merits.

As Mr. Justice argued in his Motion, the Supreme Court has routinely considered claims of unconstitutional content-based discrimination under the First Amendment without requiring claimants to overcome any special hurdles. Justice Motion at 3-4 (citing R.A.V. v. City of St. Paul, Minn., 505 U.S. 377 (1992); Virginia v. Black, 538 U.S. 343 (2003); Brown v. Entertainment Merchants Ass'n, 131 S. Ct. 2729 (2011); Reno v. American Civil Liberties Union, 521 U.S. 844 (1997)). The government has failed to cite any decision to the contrary. Thus, as Mr. Justice previously contended, his facial challenge to the unconstitutional content-based discrimination embodied in the amended Section 48 is authorized.

II.   The Government's Remaining Arguments Fail.

The government's remaining argument arguments require little response.

The government cites the legislative history at length to show that amended Section 48 has a rational basis, Gov't Response at 21-29, but Mr. Justice has not contended that Congress may not regulate in this area. Just as legislative history was

not relevant to the First Amendment analysis in Stevens, it is not relevant to Mr. Justice's argument. In Stevens, the Supreme Court did not dispute that Congress had the authority to regulate depictions of cruelty to animals; it held only that the means through which Congress exercised this authority was unconstitutional. Mr. Justice's argument is similar.

At some points, the government appears to suggest that amended 48 can be saved because it prohibits only images of illegal conduct. See, e.g., Gov't Response at 31 ("Congress demonstrated that the content of animal crush videos was criminal and fit within the historical notions of obscenity."). This is incorrect. Congress could have chosen to enact such a statute, which penalized only images of illegal conduct. But amended Section 48 includes no such requirement and no reference to whether the animal conduct depicted in an image is illegal. Instead, as far as the depictions related to animals go, it requires only that certain animals be "intentionally crushed, burned, drowned, suffocated, impaled, or otherwise subjected to serious bodily injury . . . ." 18 U.S.C. § 48(a). Just as the Supreme Court noted in Stevens that wounding or killing animals does not necessarily imply cruelty, Stevens, 130 S. Ct. at 1588, the causing of serious bodily injury to an animal does not imply cruelty or illegal activity. Conduct such as bullfighting, medical or cosmetic testing involving animals, or veterinary practices that are not "customary and normal" would fall within this

4

statute's definition, regardless of whether that conduct is illegal in the jurisdiction where it occurred or elsewhere. There can be no argument that Section 48 is limited only to depictions of already illegal conduct.

Finally, the government admits that Section 48 changes the definition of obscenity set forth by the Supreme Court in the decades since <u>Miller v. California</u>, 413 U.S. 14 (1973): "Section 48 thus adjusts the boundaries of an existing category of unprotected speech." Gov't Response at 29. The Supreme Court has made clear that it is not to the legislatures to define what forms of speech are protected or unprotected by the First Amendment. <u>Brown</u>, 131 S. Ct. at 2734.

Because the government has failed to address Mr. Justice's argument that amended Section 48 is unconstitutional pursuant to the analysis of <u>R.A.V.</u>, Justice Motion at 5-8, Mr. Justice advances no reply as to that point.

For these reasons, as well as those in his initial motion, Mr. Justice respectfully moves the Court to dismiss Counts One through Five of the indictment.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas
Texas Bar No. 14003750
Southern District of Texas No. 3233

By /s/ Philip G. Gallagher
PHILIP G. GALLAGHER
Assistant Federal Public Defender
Attorney in Charge
New Jersey State Bar ID No. 2320341
Southern District of Texas No. 566458
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002-1669
   Telephone:  713.718.4600
   Fax:        713.718.4610

## **CERTIFICATE OF SERVICE**

I certify that on February 25, 2013, a copy of the foregoing was served by electronic filing upon all parties of record.

/s Philip G. Gallagher
PHILIP G. GALLAGHER