**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 4:12-CR-00731-2 |
| | * | |
| VS. | * | 11:29 A.M. |
| | * | |
| BRENT JUSTICE | * | MARCH 4, 2016 |

**HEARING ON SCHEDULING CONFERENCE**
**BEFORE THE HONORABLE SIM LAKE**
**Volume 1 of 1 Volume**

**********************************************************
This transcript has been furnished at public expense under the Criminal Justice Act and may be used only as authorized by Court Order. Unauthorized reproduction will result in an assessment against counsel for the cost of an original and one copy at the official rate. General Order 94-15, United States District Court, Southern District of Texas.
**********************************************************

**APPEARANCES:**

**FOR THE UNITED STATES OF AMERICA:**
Ms. Sherri Lynn Zack
Assistant United States Attorney
1000 Louisiana
Suite 2300
Houston, Texas 77002
(713) 567-3300

**FOR THE DEFENDANT:**
Mr. Philip G. Gallagher
Office of the Federal Public Defender
440 Louisiana
Suite 1350
Houston, Texas 77002-1634
(713) 718-4600

Court Reporter:
Laura Wells, RPR, RMR, CRR
515 Rusk, Suite 8004
Houston, Texas 77002

Proceedings recorded by mechanical stenography. Transcript produced by computer-assisted transcription.

**PROCEEDINGS**

THE COURT: We're here this morning in United States vs. Brent Justice, Criminal Action 12-731. He can stay there.

11:29:19 MR. GALLAGHER: Oh, sorry.

THE COURT: Will counsel please identify themselves and their clients.

MS. ZACK: Sherri Zack on behalf of the United States. Good morning, Your Honor.

11:29:27 MR. GALLAGHER: Phil Gallagher for Mr. Justice. Good morning.

THE COURT: Good morning. This case has been stayed since May of 2015 so that the state case could be resolved. What is the status of the state case?

11:29:42 MR. GALLAGHER: Mr. Justice was convicted of animal cruelty charges and sentenced to a 50-year term of imprisonment a week or two weeks ago, Your Honor.

THE COURT: Does he intend to appeal?

MR. GALLAGHER: Yes.

11:29:54 THE COURT: All right. As I learned in Ms. Richards' case, he would receive credit for the time served in state custody against any federal sentence in this case. It's doubtful his guideline range in this case would exceed 50 years. So what do the parties want to do?

11:30:22 MS. ZACK: Well, Your Honor, Mr. Justice has a

higher criminal history category than Ms. Richards did. If Mr. Justice takes this to trial and is convicted, depending on what the guidelines are and depending on a lot of other things, this Court could stack his sentences potentially.

And while it would not exceed numerically 50 years in state court, the reality is a 50-year sentence in the state of Texas does not equate to 50 years being served. Whereas a 35-year sentence on the federal side would equate to much more time.

THE COURT: How long has he been in custody?

MR. GALLAGHER: It's the same as Ms. Richards.

MS. ZACK: 42.

MR. GALLAGHER: Around 42 months, Your Honor. I'm sorry. My estimate, which obviously would be up to the Court, my estimate for his guideline range after a trial would be in the 46- to 57-month range. So higher than Ms. Richards but still below five years for the maximum of any single count of this offense which is a 7-year max.

THE COURT: Well, it just seems like it's a huge inconvenience to the jurors and a huge unpleasant experience for jurors to try this case if the effect is going to be no additional time and not a useful application of the government's resources or the Court's

resources.

Have there been any plea discussions?

MR. GALLAGHER: Not recently. I mean, I haven't indicated to Ms. Zack that Mr. Justice is entertaining a plea. So he does not wish to plead guilty to these charges.

So, obviously, this -- I think in the past -- and Ms. Zack can refresh my memory. I think in the past, which was a while ago, she had offered a deal similar to that which had been offered to Ms. Richards. I think pleading to one count.

MS. ZACK: Ms. Richards pled to all counts.

MR. GALLAGHER: Oh, I'm sorry. Regardless, there had been a deal offered which was presented to Mr. Justice some time ago. But, no, there haven't been any recent discussions. Frankly, I don't know that there is any reason to think those would be productive.

THE COURT: Mr. Justice, do you want to work with your lawyer to try to work out a plea agreement; or do you want to go to trial?

THE DEFENDANT: I spoke with counsel this morning, Your Honor, and advised him I wanted to go to trial. And I definitely understand what you are saying, Your Honor. I would like time to think about that. But that's why me and counsel talked about possibly having a

trial with you and not the jury -- not before the jury.

THE COURT: Well, is there any need for additional discovery?

MR. GALLAGHER: At the time -- well, I don't know if the government has obtained anything. There is no reason to think they have obtained anything new. The only -- the only -- it's not really discovery. Since he has a trial, there are now sworn statements by potential witnesses which we are in the process of getting transcripts of. So that will take a week or two. We are already in the process of getting those, Your Honor.

No, I don't think there is anything that Ms. Zack has that we do not have.

THE COURT: So how long would a trial take?

MS. ZACK: Three days.

MR. GALLAGHER: No more than that.

MS. ZACK: I mean, picking a jury, putting on a few witnesses, showing the videos. I can't imagine it would take more than three days, can you?

MR. GALLAGHER: No. I think that's the longest.

THE COURT: Is there any reason we can't just try it fairly quickly, or do you want to wait for the state appeal to be concluded?

MR. GALLAGHER: No. I wasn't going to request that, Your Honor. No. I wasn't going to request that.

That would be quite a delay.

THE COURT: What is your schedule like for, I guess, the 14th? The 28th is available.

MS. ZACK: Of?

11:34:11 THE COURT: This month.

MS. ZACK: I'm in trial in front of Judge Hoyt in United States vs. Latigo. That's going to go.

THE COURT: Now?

MS. ZACK: That's going to go on the 28th. It's

11:34:22 been set. There are --

THE COURT: How long will it take?

MS. ZACK: It will take probably a week and a half.

THE COURT: What about April the 11th? Are you

11:34:34 ready then? Or the 18th?

MS. ZACK: The 18th is not going to work at all, Your Honor. I'm going to New York that week for the Jewish holidays.

THE COURT: Well, what about the 11th?

11:34:50 MS. ZACK: I don't know. My only concern with the 11th, Your Honor, is that -- to get everything together when I'm in the middle of the other trial.

THE COURT: Okay. All right. Is there any Speedy Trial Act problem? Do you want to -- do we need to

11:35:39 worry about that?

MR. GALLAGHER: I don't -- certainly not to this date because everything has been excludable up until the date we filed our motion to dismiss. So the last number of years going forward, I would have to look but --

11:35:50 MS. ZACK: I don't believe so, Your Honor. I mean, if I thought there was a concern I certainly would raise it and I know Mr. Gallagher would raise it. I don't think that either of us can --

MR. GALLAGHER: I'm not sure what date. There is 11:36:01 not at the present.

THE COURT: May 16th?

MR. GALLAGHER: That is -- that is the one day in the upcoming months that I am second chairing a trial, Your Honor.

11:36:08 THE COURT: Is it likely to go?

MR. GALLAGHER: Likely, yes.

THE COURT: How about the 23rd?

MR. GALLAGHER: I have no objection.

MS. ZACK: I think we could probably make that 11:36:20 work, Your Honor.

THE COURT: I really think the government ought to consider maybe some type of procedure, and I'm not engaging in plea negotiations. I'm trying to save jurors a lot of time and anguish. It's unlikely that he would 11:36:44 get a sentence in this case, even assuming he serves in

state court a third of his sentence, that would still put him 16 or 17 years in custody. It's extremely unlikely he would get a sentence anywhere near 17 years in this case. So I don't know why the government just doesn't work out some kind of agreement to dismiss this case with the understanding that if the state conviction is reversed you can reinstate the indictment. It seems like a whole lot of effort to serve no real purpose in this case, but it's up to you.

MS. ZACK: Well, Your Honor, I mean, at this point, without certainly discussing it with the people that it would have to be discussed with, I can tell you that right off the bat the purpose being served is that the crime he is charged with in federal court is different than the crime he was charged with in state court.

And I understand that it stems out of the same facts; but what he is being held accountable for here is the creation and distribution of the videos.

THE COURT: But even if he is found guilty of that he won't serve any -- he won't pay any penalty in this case once the state penalty has been used to reduce the guideline range. So your U.S. attorney is always complaining that he doesn't have enough money and enough resources. If we're going to spend at least a week and the expense and juror inconvenience of trying the case for

11:38:43

no real purpose. That's the Court's view.

MS. ZACK: Well -- and there may be other ways to maybe achieve the goals without doing that that I can look into and discuss with Mr. Gallagher. But at this point, the United States is not inclined to dismiss these charges.

THE COURT: I understand you can't do anything on your own. For now, the case is set for jury trial May 23rd at 1:00 p.m. Counsel will submit by May 18th exhibit lists, copies of exhibits, witness lists and an agreed jury charge. If you can't agree, your own proposed jury charge.

MS. ZACK: Yes, Your Honor.

THE COURT: And I don't guess there is really any *Jencks* material that hasn't been disclosed. The *Jencks* material is all the trial testimony.

MS. ZACK: Right.

MR. GALLAGHER: And then, two final things. I think the government is not inclined to do this; but just to be clear, as Mr. Justice mentioned, he is willing to waive his right to a jury and save that inconvenience, which I understand the government is not inclined to do.

MS. ZACK: Not at this time.

MR. GALLAGHER: And then, two, Mr. Justice has asked since he is handling his appeal in his state matter

pro se he has asked that if there is any possibility of being held at the FDC where the legal resources are more available for him to submit documents in the proper form for the state courts.

11:39:56 THE COURT: That's really the marshals' decision. You can ask the marshals. We have quit interfering with the marshals, and I don't -- I don't have the complete understanding of all the facts that go into those decisions. I'm not going to make any recommendation. If you can work it out, fine.

11:40:18 MR. GALLAGHER: Yes, sir. Thank you.

THE COURT: Let me know if there is any change. Otherwise, I'll see you on May 23rd. Be here at noon to look at the jury questionnaires. We'll begin jury selection at 1:00.

11:40:35 MS. ZACK: Yes, Your Honor. Thank you.

THE COURT: You are excused.

*(Proceedings concluded at 11:40 a.m.)*

*Date: September 22, 2016*

***COURT REPORTER'S CERTIFICATE***

*I, Laura Wells, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*

*/s/ Laura Wells*
*Laura Wells, CRR, RMR*